*Court of Common Pleas, Lebanon County, February 16th, 1860.*

BIEVER ET AL. *v.* HERR ET AL.

When a judgment was given by a party in order to defraud his creditors, and further credit was given by one of them, but not on the faith of the property so fraudulently incumbered, in action for damages the measure would be the amount due the plaintiff before the judgment was entered.

In order to recover damages in an action on the case for conspiracy, a criminal intent must be proved to exist in the minds of both parties; evidence that would be sufficient on a motion to open the judgment will not be enough; but the fraudulent purpose need not be proved beyond a reasonable doubt, as in criminal cases.

BY THE COURT.—The declaration in the present case charges the defendants, Herr and Etter, with conspiring together to defraud the creditors of Etter, and avers that the plaintiffs, as such creditors, were injured by the conspiracy. The evidence shows that on the 12th of April, 1858, Etter gave Herr his judgment bond for $1500, payable presently, with interest from date. On this bond a judgment was entered on the 15th of April of the same year, and an execution issued on the 30th of September following, on which all of Etter's property, subject to execution, was levied on and sold. The plaintiffs have a book account against Etter, commencing on the 10th of April, 1858, and ending on the 26th of September, amounting in all to $70.03, only $1.31 of which was contracted before the 15th of April. It is averred that the bond was given by Etter to Herr with the intention to defraud Etter's creditors of their just dues.

Every obligation given, or contract made, with the purpose and intention of delaying, hindering, or defrauding creditors, is void as to the parties intended to be defrauded. Not merely as against the creditors particularly in view of the parties, but as against all creditors. Each and every one can take the advantage of the meditated fraud, and avoid the obligation. It is not necessary that the debt of the creditor should be evidenced by a judgment, a simple contract creditor has an equal right to avoid the fraudulent conveyance or obligation, but the plaintiffs being creditors only to the amount of $1.31, when the bond was drawn, which is complained of as being fraudulent, could be injured to no greater extent. The *narr* charges that the parties conspired to defraud the creditors of Etter, by giving the bond, and it is not complained that future credit was given or advances made on the faith of Etter's owning the property seized under the execution issued on the bond so fraudulently given. It might have been so averred, and if satisfactorily proved, the plaintiffs could have recovered their whole debt. The judgment was entered on the bond within three days after its date, which was record to all the world of the indebtedness. This was before a second item was sold by the plaintiffs to Etter. The measure of damages done

[Biever et al. *v.* Herr et al.]

the plaintiffs would, therefore, under the present charge, be the sum of $1.31, but that will not influence your judgment in determining the rights of these parties, as the question of fraud and conspiracy can be as well tried in this as in any other case; it does not depend on the amount of the plaintiffs' claim, or the extent of their injury, but on the conspiracy and intent to defraud.

A person has a lawful right to take a judgment, not only for the debt justly due him, but to cover future advances, contemplated indebtedness, or apprehended damages. It can be taken in a large penalty to secure his debt, or the performance of his contract, but no more can be recovered than is justly due, or for the actual damage sustained. If such was the object in taking the bond in this case, although the penalty is large, and probably for much more than was due at the time, there is nothing unlawful in the transaction; but if done to cover up Etter's property, and keep it from his creditors, or even to keep them at bay, by which they would be delayed or hindered, the purpose is fraudulent, and the bond is void *in toto*, cannot stand to cover even a just debt.

In the present case a conspiracy is charged, and to establish it, a different kind of evidence is required from that requisite to open or set aside a judgment; an intent to delay or defraud creditors must exist in the minds of both parties,—they must have acted in *concert* for that purpose. A transaction, honest in fact, yet against legal policy, would not constitute a conspiracy; there must be the *mala mens*, an intention to defraud or delay, and that must be the design of both parties.

If Etter intended to cheat or delay his creditors, but Herr did not know of such intention, there is no conspiracy. The bare taking of a large judgment under the circumstances mentioned by Kinportz, would not of itself constitute a fraud in Herr, if done for an honest purpose. His even keeping it on foot for the whole, or declaring, or rather intimating, that he claimed the entire amount, is not *conclusive* of a fraudulent conspiracy, but is a circumstance for the consideration of the jury.

If you are satisfied from the whole evidence that Herr, as well as Etter, intended to delay, hinder, or defraud the creditors of Etter, and used or intended to use the judgment for that purpose, and originally entered it, or kept it on foot to intimidate them in the pursuit of their debts, or designed to seize and sell more of Etter's property than would pay the debt, liabilities, and damages due to Herr, it would present a state of facts from which a conspiracy to defraud Etter's creditors may be inferred.

There are cases where a transaction is against legal policy, and for which a judgment would be opened or set aside, on account of its effect on the interest of creditors, and yet not furnish sufficient evidence to establish a conspiracy. Where judgment is

[Biever et al. *v.* Herr et al.]

confessed for an honest purpose, and to secure an honest debt, the creditor would not be suffered to use it for collecting more than his real debt, either as against the party, or his creditors.

If the debtor should, on his own mere motion, without any arrangement with the other party, confess a judgment where nothing was due, or for vastly more than he honestly owed, for the purpose of overreaching or intimidating his creditors in their proceedings, such a judgment would be vacated, or reduced to the proper amount by the court, and yet it would not establish a conspiracy in the person receiving it to defraud the creditors of the other, unless he knew of the dishonest motive or purpose. If he did know of such purpose it would furnish strong evidence of a conspiracy to defraud. This case requires proof of *fraud in fact, the intention to cheat or delay creditors, not mere constructive fraud, such as is designated fraud in law.* Yet that fraud in fact may be established or inferred from circumstances. If you have satisfactory evidence before you that the judgment in the present case was entered for a larger sum than was due by Etter to Herr, and that it was agreed or understood between the parties, that Etter was to have part of the money collected on the judgment, that it was to be used to sell his goods, and a·portion of the proceeds paid over to him, or the goods themselves, when purchased by Herr, be returned to Etter, it would be strong evidence of a conspiracy to defraud. You have the declarations of Etter to that effect, but he is not on trial, and if he were, his words cannot affect Herr, unless you are satisfied from other evidence in the case, the acts or declarations of Herr, that they were engaged in a common enterprise; that both intended to defraud. If that is established to your satisfaction by the acts or declarations of Herr, then the acknowledgments and declarations of Etter can be used against him, but they prove nothing of themselves, except agaisnt Etter.

It is contended by the defendants' counsel that the evidence in this case must be as clear and conclusive as in a criminal prosecution, and the jury must be governed by the same rules and principles. We do not so understand the law. The evidence must be full, clear and satisfactory, to establish a fraudulent conspiracy in a civil suit for damages, but the doctrine in regard to *reasonable doubts* does not apply to such acts, but only to criminal prosecutions. It is proved by Mr. Kinportz that Herr knew that Etter was largely indebted when he took his judgment. If that was done for the dishonest purpose of delaying, hindering, or defrauding Etter's creditors, it would be strong evidence of a fraudulent conspiracy between the parties, and your verdict should be in favor of plaintiffs for the amount that they have proved themselves creditors at the time the fraud was perpetrated. If done for the honest purpose of securing his own debt, his liabilities, and the

[Mark, Administrator of Hunsicker, deceased, *v.* Hunsicker.]

contract of lease, without any intent to delay or defraud Etter's creditors, your verdict should be in favor of the defendant. Fraud meditated or intended by Etter alone is insufficient to establish this case; it must have been intended by both, and if so intended, the acts done and declarations made would be sufficient evidence of a conspiracy. There would be the *evil intention, accompanied by the unlawful act,* and would furnish a good cause of action by every person who could have been defrauded, whether the particular creditor was in the mind of the parties or not. The blow was aimed at all creditors indiscriminately, and all can avoid it, and the conspirators are answerable to all, to the value of the property out of which the creditors were defrauded, and whoever sues first and obtains his judgment, will be entitled to be fully paid, whether anything is left for others or not: *vigilantibus, non dormientibus jura subveniunt.*

AFFIRMED BY THE SUPREME COURT.   Not reported.

*Funck, for plaintiff.*

*Kunkel and Killinger, for defendant.*